IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                             Case No. 07-10142-JTM

DARRYN FRIERSON,

    Defendant.

MEMORANDUM AND ORDER

The defendant, Darryn Frierson, has filed a Motion for Appeal Bond (Dkt. No. 1754) requesting the court allow him to remain on bond during his appeal subject to the same conditions in his pretrial release. The government objects. Although a close question, the court finds Mr. Frierson has not sustained his burden of proving he is not a risk to the community. More significant, and the determinative factor here, is that his appeal does not raise a substantial question of law. As a result, the court denies his motion.

Title 18 U.S.C. § 3143 provides, in part:

> **(b) Release or detention pending appeal by the defendant**.--(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--
>     (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>     (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--

> (i) reversal,
> (ii) an order for a new trial,
> (iii) a sentence that does not include a term of imprisonment, or
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

*Id.* Under the statute, Mr. Frierson has the burden of showing "by clear and convincing evidence" that he is not likely to flee or pose a danger to the safety of the community and that his appeal is not for the purpose of delay and that it raises a substantial question of law. *See id.* Mr. Frierson fails to make the required showing.

First, as to the safety of the community, Mr. Frierson has been on bond for an extended period of time, largely without incident. However, having now been sentenced, Mr. Frierson knows for the first time with certainty that he faces a lengthy prison sentence. The undersigned presided at Mr. Frierson's trial in which he was convicted of a RICO violation and several other drug crimes. Further, the court is aware of his long affiliation with the Crips gang in the Wichita community, which Mr. Frierson claims is now part of his distant past. Trial evidence suggested ongoing relationships with the Crips in recent years. If Mr. Frierson is no longer a member, which this court tends to believe, he unquestionably still has relationships with gang members, which raises, at a minimum, a caution flag.. This is not the kind of "clear and convincing evidence" the law requires when addressing community safety for purposes of an appeal bond. Mr. Frierson's conclusory statement that he is not a flight risk and is not a danger to the community is not substantial enough to meet the statutory standard.

More importantly, Mr. Frierson's has not shown his appeal raises a substantial issue of law or fact likely to result in reversal or a new trial. A "substantial question" is more than a nonfrivolous

one; it must be a question that is fairly debatable or fairly doubtful. *United States v. Affleck*, 765 F.2d 944, 952-53 (10th Cir. 1985). Under § 3143(b)(1)(B), "'substantial' defines the *level of merit* required in the question presented and 'likely to result in reversal or an order for a new trial' defines the *type of question* that must be presented." *United States v. Handy*, 761 F.2d 1279, 1280 (9th Cir. 1985) (emphasis in original). The second part of the test is met if "'the question is so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial.'" *Affleck*, 765 F.2d at 953 (quoting *United States v. Miller*, 753 F.2d 19, 23 (3d Cir. 1985)).

Here, Mr. Frierson does not identify the "substantial issue" raised by his appeal, yet he contends "his appeal will likely result in reversal of his convictions and entry of judgment of acquittal or an order for new trial of this matter." Dkt. No. 1754, pg. 2. But, as the government points out, the Tenth Circuit has denied the appeals of two defendants in a companion case. *See United States v. Randall*, —F.3d—, 2011 WL 5148862 (10th Cir. 2011); *United States v. Knight*, —F.3d—, 2011 WL 5148802 (10th Cir. 2011). While the facts of Mr. Frierson's case and those are different, the legal issues are likely to be similar. Therefore, Mr. Frierson's motion is denied.

IT IS ACCORDINGLY ORDERED this 23rd day of November 2011, that Darryn Frierson's Motion for Appeal Bond (Dkt. No. 1754) is denied.

IT IS FURTHER ORDERED that Mr. Frierson shall surrender for service of sentence at the institution designated by the Bureau of Prisons as notified by the United States Marshal.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE