IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                Case No. 07-10142-JTM

SYCARR GREENLEY,

    Defendant.

MEMORANDUM AND ORDER

This matter comes before the court on Sycarr Greenley's Request for Modification of Term of Imprisonment Imposed (Dkt. No. 1761). The court denies the motion.

"A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996). Under 18 U.S.C. § 3582(c), a district court may modify a sentence in three circumstances: (1) "upon motion of the Director of the Bureau of Prisons . . . after considering the factors set forth in section 3553(a)"; (2) "the court may modify an imposed term of imprisonment to the extent expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; and (3) "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A) to (c)(2) (2000).

First, Mr. Greenley argues that this court should modify his sentence based on the recent crack-cocaine amendment to the guidelines. Although the amendment applies retroactively, "[a] reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if—an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guidelines range. USSG § 1B1.10, p.s. Here, Mr. Greenley's guideline range before the amendment was 210 to 260 months—criminal offense level 32 and a criminal history of VI. After the amendment, his guideline range remains the same. Thus, a reduction in his sentence is not authorized under 18 U.S.C. § 3582(c)(2).

Mr. Greenley also argues that this court should modify his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). This section is not applicable, however, because the court may only modify "upon motion of the Director of the Bureau of Prisons." Therefore his motion must fail on this ground as well.

IT IS ACCORDINGLY ORDERED this 21st day of December 2011, that Sycarr Greenley's Request for Modification of Term of Imprisonment Imposed (Dkt. No. 1761) is denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE